UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFONSO JOSE CARDENAS PEREZ,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION CENTER,

Respondent.

No. 1:26-cv-08814-DAD-CKD (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. No. 2)

On October 26, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 3.) On October 27, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) Respondent was further directed to state any opposition that it has to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

/////

On October 29, 2026, respondent filed an opposition to the pending motion. (Doc. No. 6.) In that opposition, respondent argues that this case is substantively distinguishable from the orders cited in the court's order because petitioner was originally released into the United States on parole. (*Id.* at 1–2.) Respondent is amenable to the court ruling directly on the merits of the underlying petition (*id.* at 2–3), and the court will do so.

Based on the parties' briefing, the court finds the following facts. In June 2023, petitioner was paroled into the United States pursuant to the Venezuelan Humanitarian Parole Program. (Doc. Nos. 1 at 8; 6 at 12–13.) Petitioner subsequently applied for asylum, and his application remains pending. (Doc. No. 6 at 13.) Petitioner has remained in the United States even though his parole expired on an unknown date. (*Id.* at 12.) On September 5, 2026, petitioner was arrested by ICE agents during a vehicle stop. (*Id.*) There is no indication that petitioner was provided advanced notice or a pre-deprivation hearing before ICE arrested him.

Pursuant to the reasoning set forth in *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *2–5 (E.D. Cal. Dec. 9, 2025),[1] the court concludes that petitioner's detention without notice or a pre-deprivation hearing violates due process because he acquired a liberty interest in his continued release when he was paroled into the United States. Accordingly, the court will order petitioner's immediate release. *Perdomo v. Warden, Greene Cnty. Jail*, No. 6:26-cv-03576-MDH, 2026 WL 2969345, at *2–6 (W.D. Mo. Oct. 2, 2026) (ordering immediate release of a petitioner who was previously paroled into the United States pursuant to the Venezuelan Humanitarian Parole program after concluding that his detention without notice or a pre-detention hearing violated due process).

/////

/////

/////

[1] As noted above, respondent states that this case is distinguishable from the cases identified in the court's order setting a briefing schedule on petitioner's motion because the petitioner in this case was previously released on parole. (Doc. No. 6 at 1.) However, *Chavarria* is among the cases listed in the court's prior order and involves a petitioner who was previously released on parole. Counsel for respondent is asked to carefully read the court's orders and any cases cited therein before making such assertions in the future.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondent is ORDERED to immediately release petitioner Alfonso Jose Cardenas Perez, A-File No. 232-594-186, under the same conditions, if any, he was subject to prior to his re-detention on or about September 5, 2026;

   b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge at which hearing respondent will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 3, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE